United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60678
Summary Calendar

TAULANT PAPAJ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 705 919
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:*

Taulant Papaj petitions for review of an order of the Board of
Immigration Appeals (BIA) affirming the immigration judge's
decision to deny his application for asylum, withholding of
removal, and relief under the Convention Against Torture (CAT).
Papaj argues that he established that he would face persecution if
he returned to Albania because of a blood feud against the Papaj
family instigated by the Mulia family. The record does not compel
a conclusion contrary to the BIA's determination that Papaj had not
established that he suffered past persecution, or that he has a

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

well-founded fear of future persecution, on account of his membership in a social group. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). There is no evidence in the record showing that the government sanctioned any persecution against the Papaj family or Papaj personally. See Mikhael v. INS, 115 F.3d 299, 302 n.2 (5th Cir. 1997). The BIA's determination that Papaj is not entitled to asylum is supported by substantial evidence and will not be disturbed. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). As Papaj cannot satisfy the standard for asylum, he cannot meet the more demanding standard for withholding of removal. See Mikhael, 115 F.3d at 306.

Papaj's CAT claim is likewise unavailing, as he has failed to show that he will likely be tortured under government acquiescence if he is returned to Albania. See 8 C.F.R. § 208.18(a)(1); Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Papaj's petition for review is DENIED.